IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAWRENCE ADAMCZYK, #M24512,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:22-cv-00863-SMY |
| | ) |
| **IDOC,** | ) |
| **ROB JEFFERIES,** | ) |
| **RICHARD MORANTHALER**, *Warden,* | ) |
| **JOHN/JANE DOES 1,** | ) |
| *Administrators and Staff at IDOC Headquarters* | ) |
| **JOHN/JANE DOE 2,** | ) |
| *Administrators and all BMRCC Staff,* | ) |
| **SCHOOL DISTRICT 428,** *Administrator,* | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **and WEXFORD STAFF,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lawrence Adamczyk is civilly committed at Big Muddy River Correctional Center under the Illinois Sexually Dangerous Persons Act (SDPA), 725 ILCS 205 *et seq*. He filed the instant lawsuit asserting claims under various federal and state laws.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain

---

[1] Persons civilly committed under the SDPA are subject to the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq*. *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  A plaintiff must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint.  *Id.* at 555.

Here, the Complaint fails to ascribe specific acts or omissions to the individual defendants – it generally attributes conduct to four groups of defendants – administrators and staff at IDOC headquarters, administrators and all BMRCC staff, School District 428 staff working at BMRCC, and Wexford staff.  Identifying a group as a defendant violates Rule 8 and *Twombly*.  While Plaintiff may refer to parties whose names are unknown as "John Doe" or "Jane Doe," he must follow pleading standards and include a short, plain statement of the case against each individual.

Additionally, Plaintiff's Complaint violates Rule 8's requirement that it contain "a short and plain statement of the claim" and "simple, concise, and direct" allegations.  FED.R.CIV.P. 8(a), (d)(1).  Plaintiff's Complaint totals 205 pages with exhibits, contains 233 numbered paragraphs spanning 92 single-spaced pages, and purports to assert claims under more than twenty federal statutes and various state laws.  The allegations are made collectively on behalf of "Wards of the State,"[2] as opposed to identifying alleged deprivations of constitutional rights Plaintiff personally experienced.  Additionally, Plaintiff does not describe specific instances of unlawful acts, but generally describes actions covering a range of subjects, including but not limited to, clothing, food, mail, phone availability, dayroom access, association inside and outside the prison, medical care, mental health care, prohibitions on sexual and romantic relationships, employment, abuse,

---

[2] Although Plaintiff intended to proceed with a class action, that request was denied (Doc. 15) because a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986).

2

and the grievance system. The vast majority of the Complaint allegations are conclusory and lack factual support.

Plaintiff's Complaint also violates the rules of joinder. FED.R.CIV.P. 18-21. His claims involve different defendants, arise from separate transactions or occurrences, and are based on different legal theories. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED.R.CIV.P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In sum, Plaintiff's claims cannot all proceed together in the same lawsuit. He must pursue only related claims against a single group of defendants in this lawsuit, and may file separate lawsuits to bring his other claims.

For the reasons stated, the Complaint will be dismissed without prejudice. Plaintiff will be granted leave to file a First Amended Complaint.

## Disposition

The Complaint is **DISMISSED without prejudice** and with leave to file a First Amended Complaint by **August 22, 2022**. The First Amended Complaint should be drafted consistent with the considerations set forth in this Order and will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-863). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each

defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y).

Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, the Court will not accept piecemeal amendments. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and include any exhibits that Plaintiff wishes to submit. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his

whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 22, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
