IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAWRENCE ADAMCZYK, M24512,** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**IDOC,** )<br>**ROBERT JEFFERIES,** )<br>**RICHARD MORGANTHALER,** *Warden*, )<br>**JOHN/JANE DOES 1,** )<br>*Correctional Officers, BMRCC,* )<br>**JOHN/JANE DOES 2,** )<br>*Support Staff in Business Office, BMRCC,* )<br>**JESSICA STOVER,** *Lead Therapist,* )<br>**HEATHER YOUNG,** *Therapist,* )<br>**HEATHER DELASHMUTT,** )<br>*SDP Program Administrator,* )<br>**ROBERT MOONEY,** *Therapist,* )<br>**JOHN DOE 1,** *Assistant Warden, BMRCC,* )<br>**and JOHN DOE 2,** )<br>*Assistant Warden of Programs, BMRCC,* )<br>)<br>**Defendants.** ) | Case No. 3:22-cv-00863-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Lawrence Adamczyk. (Doc. 26). Plaintiff is civilly committed at Big Muddy River Correctional Center (BMRCC) under the Illinois Sexually Dangerous Persons Act (SDPA), 725 ILCS 205 *et seq*. He filed this lawsuit pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1346, 2671-80, 42 U.S.C. § 1983, and numerous other sources of authority for alleged deprivations of miscellaneous federal rights at BMRCC.

This case is now before the Court for review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion that is frivolous or malicious, fails to state a claim for relief, or

requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## First Amended Complaint

Plaintiff sets forth the following enumerated counts in the *pro se* First Amended Complaint:

Count 1: Peonage claim against all defendants under 42 U.S.C. § 1994 and/or 42 U.S.C. § 1983.

Count 2: Claim against all defendants for profiting from his labor under 18 U.S.C. § 1581, 18 U.S.C. § 1593(3), and 18 U.S.C. § 1595.

Count 3: Forced labor claim against all defendants under 18 U.S.C. § 1589 and 18 U.S.C. § 1595.

Count 4: Fourteenth Amendment claim against all defendants for denying Plaintiff the right to receive care and treatment pursuant to 42 U.S.C. § 1983.

Count 5: Claim for injunctive relief against IDOC, IDOC Director, and Warden for violating the Federal Minimum Wage Act, 29 U.S.C. § 206.

Count 6: Tenth Amendment claim against all defendants for failure to provide care and treatment designed to effect recovery in breach of their fiduciary duty to Plaintiff.

Count 7: Telephone and mail fraud claims against IDOC Director and Warden under Racketeer Influenced Criminal Organizations, 18 U.S.C. § 96.

Count 8: ADA claim against IDOC, IDOC Director, and Warden for unlawful employment practices under 42 U.S.C. § 12101 *et seq*.

## Discussion

The First Amended Complaint suffers from the same defects as the original Complaint. In order to satisfy general pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff must also associate each defendant with specific claims, so

that each has notice of the claims brought against that defendant and can properly answer the complaint. *Id.* at 555.

Plaintiff's Amended Complaint is neither short nor plain. The document still spans more than 130 pages, names nearly a dozen defendants, and includes at least eight separate claims and additional sub-claims against them. It consists of allegations, statutory references, and exhibits that lack context. Plaintiff names nebulous groups of defendants (*e.g.*, BMRCC's correctional officers and BMRCC's support staff) in connection with his claims, in violation of Rule 8 and *Twombly*. He also names specific defendants (*e.g.*, Jessica Stover, Heather Young, Heather Delashmutt, and Robert Mooney), without describing acts of misconduct by them. He identifies high-ranking officials (IDOC Director and BMRCC Warden) in connection with generalized grievances without identifying their role in creating the conditions grieved.

The First Amended Complaint also violates Rule 8's requirement that it contain "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). Plaintiff vaguely describes actions covering a broad range of subjects, including but not limited to, staff violence directed at other detainees, verbal threats directed at him, inadequate housing, inadequate rehabilitation opportunities, forced labor practices, lack of medical care, denial of mental health treatment, mail fraud, and telephone interference, among other topics.

Plaintiff does not focus on a single claim or set of related claims arising from common facts or legal theories, but instead, takes a scattershot approach. He asserts claims against all defendants under a dozen or more federal statutes, including but not limited to 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1994, 18 U.S.C. § 1581, 18 U.S.C. § 1589, 18 U.S.C. § 1593, 18 U.S.C. § 1595, 28 U.S.C. §§ 1346, 2671-80, 29 U.S.C. § 206, 18 U.S.C. § 96, and 42 U.S.C. § 12101 *et seq*. He identifies "all defendants" as being responsible for violations of these statutes,

without explaining how, when, where, or why.

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed without prejudice for violation of Rule 8 and *Twombly*. Plaintiff will be given one final opportunity to amend the complaint before this case is dismissed. If Plaintiff chooses to amend, he must comply with the deadline and instructions below.

## Disposition

Plaintiff's First Amended Complaint (Doc. 26) is **DISMISSED** without prejudice for violation of FED. R. CIV. P. 8 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **March 14, 2023**, consistent with the considerations set forth in this Order. The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and list the case number (No. 22-cv-00863-SMY) on the first page. Plaintiff should identify each defendant in the case caption and include enough allegations in the statement of claim to describe what each defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and actions. Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, but he must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (*e.g.*, John Doe did X and Jane Doe did Y).

Plaintiff should only bring a single claim or set of related claims against the defendant(s)

arising from the same transaction or occurrence and involving common questions of fact and/or law.  FED. R. CIV. P. 18-20.  The Court will exercise its discretion to sever or dismiss improperly joined claims and defendants.  FED. R. CIV. P. 21.  Severance of claims into one or more new lawsuits will result in an additional filing fee for each new suit and a "strike" for any action dismissed because it is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(g).

Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  February 14, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

5