IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE ADAMCZYK, M24512, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-00863-SMY |
| | ) |
| IDOC,[1] *et al.*, | ) |
| | ) |
|           Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lawrence Adamczyk is civilly committed at Big Muddy River Correctional Center under the Illinois Sexually Dangerous Persons Act (SDPA), 725 ILCS 205/1.01, *et seq.*, He brings this action under 42 U.S.C. § 1983, alleging unlawful confinement and treatment as a prisoner since March 13, 2016.

Plaintiff's Second Amended Complaint (Doc. 35) survived screening on the following claims on August 16, 2023:[2]

    **Count 3:**    Eighth or Fourteenth Amendment claim against all defendants for failing to provide Plaintiff with necessary and adequate treatment for his mental illness/disorder as a sexually dangerous person and subjecting him to an unreasonable risk of prolonged or indefinite detention. Doc. 35, ¶¶ 61-67.

    **Count 6:**    Claim against Warden, IDOC Director, and IDOC for adopting housing and employment practices that violate the ADA or Rehab Act. *Id.* at ¶¶ 82-88.

    **Count 9:**    First Amendment claim that the SDPA is facially unconstitutional for the reasons set forth at Doc. 35, ¶¶ 1, 33-47, 109-27.

(Doc. 46). Before any defendants answered, Plaintiff filed two additional motions seeking leave to amend the complaint on August 22, 2023 (Doc. 49) and September 5, 2023 (Doc. 56). The first

---

[1] "IDOC" is an abbreviation for the Illinois Department of Corrections.
[2] The Court denied Plaintiff's request for a preliminary injunction or a temporary restraining order. (Docs. 42-46).

1

motion was denied (Doc. 53), and the second motion is now before the Court (Doc. 56). Plaintiff also seeks court-recruited counsel (Doc. 77) and declaratory judgment (Doc. 104). For the following reasons, all pending motions are **DENIED**.

### Motion for Leave to Amend (Doc. 56)

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading[.]" In "all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. . . . [which] [t]he court should freely give . . . when justice so requires." *See* FED. R. CIV. P. 15(a)(1)(A)-(B), (2).

Plaintiff has already amended his complaint more than once. To date, he has submitted 5 versions of the complaint. (Docs. 1, 26, 35, 49, and 56). The Court screened the first 3 versions under 28 U.S.C. § 1915A, and dismissed 2 for violating Federal Rule of Civil Procedure 8. (Docs. 23, 34, and 46). After the third version survived screening, Plaintiff quickly requested leave to further amend the Complaint by filing back-to-back motions before any defendants answered the Second Amended Complaint. (Docs. 49 and 56).

Because Plaintiff has repeatedly amended the Complaint, he "may amend [the] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). No defendants have consented to the amendment, and the Court finds that justice does not warrant leave.

Plaintiff's proposed changes pose many of the same problems presented by the first two Complaints that were dismissed under Rule 8. (Docs. 1, 23, 26, and 34). Specifically, the proposed amendment adds 6 defendants in the case caption but does not mention them in the statement of

claim. Plaintiff generically refers to the defendants in large groups as "all defendants" or generically as "IDOC Director(s)," "Warden(s)," "Administrators from Wexford," "IDOC over SOP," or "BMRCC COP Administrator," among other names. Plaintiff's vague references to the defendants is confusing and difficult to follow. This style of pleading deprives each defendant and the court of adequate notice of the claims.[3]

Plaintiff also seeks to reinstate 4 of 6 dismissed claims by offering another 24 pages of allegations. He includes strings of citations to statutes without explanation. There are gaps in the numbering of his claims (*e.g.*, Counts 1, 2, 4, . . . ) that are not explained by the omission of claims from prior versions of the complaint (*e.g.*, Counts 3, 4, and 8). The numbering of claims, paragraphs, and internal references to preceding paragraphs is wrong. From what the Court can discern, Plaintiff expanded the allegations in support of certain claims and forgot to renumber paragraphs. (*See, e.g.,* Doc. 35, p. 19, ¶ 83; proposed amended at p. 40, ¶ 149). He also incorporated certain paragraphs by reference without actually identifying them and leaving blank spaces instead. (*See*, *e.g.*, proposed amendment, p. 41, ¶ 158). The Court is unable to follow Plaintiff's suggested changes to the Complaint, and the parties cannot be expected to do so either.

Additionally, some of Plaintiff's allegations are not factual at all; they are better characterized as proposals. In Count 7, for example, he suggests that BMRCC offer the following to civil detainees:

> . . . a meet and greet for any person interested in potential dating and romantic partnerships for later in cells done in a consenting, safe, and healthy manner in the gym at night or in dietary when not used for food serving. People can get to know each other and sign off to consent to have romantic intimacy. Enough gay men, bi-sexuals, gay enough people exist at BMRCC to do that. And people with high over high libidos can legally satisfy their needs.

---

[3] Plaintiff's reference to multiple defendants, using "(s)" suggests that he intends to amend the Complaint again to include additional defendants.

(Proposed Amendment at ¶ 166).

Plaintiff has repeatedly been warned to refrain from "barraging the court with unnecessary, inappropriate, and harassing" filings and cautioned that "he will face SANCTIONS that may include dismissal of this action for further abuse of this Court's limited time and resources." (Docs. 71, 91, 103, 113, and 116). An amendment that includes "allegations" to this effect is harassing and wasteful of the Court's and parties' limited time and resources, and delays litigation of this matter.

For these reasons, Plaintiff's motion for leave to amend (Doc. 56) is **DENIED**. The Second Amended Complaint (Doc. 35) is the operative complaint in this case; Counts 3, 6, and 9 are the only surviving claims. Once all defendants have answered, the Court will enter a scheduling order. **Plaintiff will receive no other warnings to refrain from harassing, inappropriate, or redundant filings; he will be subject to sanctions.**

## Motion for Recruitment of Counsel (Doc. 77)

Plaintiff's Third Motion for Recruitment of Counsel is **DENIED**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. The Court previously denied Plaintiff's requests for counsel due to his failure to demonstrate any attempts to find an attorney. (Docs. 10 and 17). Plaintiff now explains that he wrote several attorneys and never heard back. However, Plaintiff has not shown that he needs an attorney at this juncture. He describes himself as very intelligent and cites no physical, mental, or medical impediments to self-representation. Moreover, there is little for him to do at this time. The Court will soon enter a Scheduling Order that provides the parties with

instructions and deadlines for litigation. Plaintiff should review it in detail and follow the instructions set forth therein. If this case becomes too difficult to litigate at a later stage, Plaintiff may file a separate motion for recruitment of counsel.

### Motion for Declaratory Judgment (Doc. 104)

Plaintiff asks this Court to declare the Illinois Sexually Dangerous Persons Act (SDPA), 725 Ill. Comp. Stat. 205/1.01, *et seq*., unconstitutional, facially and as applied, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. (Doc. 104). He asserts that the SDPA is an ex post facto law that violates the Bill of Attainder Clause, Tenth Amendment, Fourteenth Amendment Due Process and Equal Protection Clauses. Plaintiff filed the motion for declaratory judgment after submitting his motion for leave to file a third amended complaint. To the extent his motion pertains to the proposed third amended complaint, it is **DENIED as MOOT**.

### Disposition

Plaintiff's Motion to Amend Complaint (Doc. 56), Motion for Recruitment of Counsel (Doc. 77), and Motion for Declaratory Judgment (Doc. 104) are **DENIED**. The Second Amended Complaint (Doc. 35) serves as the operative complaint in this case. All defendants, except Jessica Stover, have answered. The Court will issue a separate scheduling order with instructions and deadlines for litigation.

**IT IS SO ORDERED.**

DATED: June 3, 2024

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**